## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUDREY MYERS | : | |
| 306 Lewisberry Road | : | |
| New Cumberland, PA 17070 | : | |
| Plaintiff, | : | |
| | : | NO. 1:17-cv-01841-JEJ |
| | : | |
| vs. | : | |
| | : | |
| COHEN BROTHERS REALTY | : | |
| CORPORATION OF FLORIDA, LLC | : | |
| 1750 Lexington Avenue | : | |
| New York, NY 10022 | : | |
| | : | |
| and | : | |
| | : | |
| DESIGN CENTER OF THE AMERICAS, | : | |
| LLC | : | |
| 1855 Griffin Road | : | |
| Dania Beach, FL 33004 | : | |
| Defendants. | : | |

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Audrey Myers, by and through her counsel, Jesse M. Cohen, Esquire and Sacks Weston Diamond, LLC, hereby alleges as follows:

### PARTIES

1.      Plaintiff, Audrey J. Myers (hereinafter "Myers"), is an adult individual residing at 306 Lewisberry Road, New Cumberland, Pennsylvania.

2.      At all times relevant hereto, Myers was acting within the scope of her employment as a human resources business partner for Chewy.com LLC, whose principal place of business is located at 40 Dauphin Road, Mechanicsburg, Pennsylvania.

3.      Defendant, Cohen Brothers Realty Corporation of Florida, LLC (hereinafter "CBRC"), is a Delaware Limited Liability Company with a principal place of business at 1750 Lexington Avenue, New York, New York.

4.      Defendant, Design Center of the Americas, LLC (hereinafter "Design Center"), is a Delaware Limited Liability Company, with its principal place of business at 1855 Griffin Road, Dania Beach, FL 33004.

5.      At all times relevant hereto, Defendant Design Center owned, and Defendant CRBC managed, a commercial office building located at 1855 Griffin Road, Dania Beach, Florida (hereinafter "the Property").

## FACTUAL BACKGROUND

6.      Upon information and belief, on September 8, 2015, Myers, as part of her course of employment, was exiting the Property where her employer, Chewy.com, leases space from defendants.

7.      On September 8, 2015, Myers, upon exiting the Property, tripped and fell on an uneven, unfinished, slippery and improperly graded concrete walkway.

8.      As a result, Myers sustained a fracture to her right fibula which required immediate medical attention, surgery, and continued physical therapy, all as more fully set forth herein.

## COUNT I – NEGLIGENCE
## PLAINTIFF V. CBRC

9.      Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

10.      The above-described accident resulted solely from the negligence, carelessness, and recklessness of the Defendant.

11.      Defendant had a duty to persons such as Plaintiff to exercise due care in maintaining the Property so as to avoid causing accidents, injuries and other damages.

12.      The injury of September 8, 2015, and the resultant damages were caused by the negligence and negligent acts and/or omissions of Defendant as follows:

a) Failing to maintain the exterior of the Property in a safe manner;

b) Failing to maintain the exterior walkways of the Property in a safe manner;

c) Failing to properly grade and slope the walkways at the Property;

d) Failing to properly mark the walkways at the property to alert users of changes in grade, slope and slip resistance;

e) Failing to use slip resistant materials in the construction of the walkways at the property;

f) Failing to warn and/or advise users of the dangerous condition of the exterior walkways at the Property;

g) Using materials and techniques in constructing and maintaining the walkways at the property which do not provide sufficient slip resistance, which become slippery when wet, which are slipper when dry, and which otherwise present an unsafe waking surface for ordinary use;

h) Constructing the walkways in a manner such that the walking surface was uneven, sloped, depressed, angled, or otherwise not level;

i) Failing to warn that the walkways were uneven, sloped, depressed, angled, or otherwise not level;

j) Failing to keep the walkways free and clear of debris, dirt, dust, and other substances which would render the walkway unsafe for use; and,

k) Other negligence in the installation, care and maintenance of the walkway to be proven by the evidence at trial.

13. By virtue of the above-referenced conduct, acts and/or omissions, Defendant breached its duty of care to Plaintiff.

14. The injury of September 8, 2015, was a direct and proximate result of the Defendant's careless and negligent conduct, acts and/or omissions as averred above.

15.    As a direct and proximate result of the accident, Myers sustained injuries to her right fibula which have caused her to undergo emergency medical treatment, surgery, and physical rehabilitation, and which are permanent in nature, and which have caused plaintiff pain, suffering, loss of life's pleasures, and ongoing financial burden and expense, all to plaintiff's great financial, emotional and physical detriment and loss.

16.    As a further direct and proximate result of the above accident, plaintiff has been forced to miss time from work, has incurred lost wages, and will continue to incur loss of income and loss of earning potential, all to plaintiff's great financial, emotional and physical detriment and loss.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT II – NEGLIGENCE
### PLAINTIFF V. DESIGN CENTER

17.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint the same as if fully set forth hereinafter.

18.    The above-described accident resulted solely from the negligence, carelessness, and recklessness of the Defendant.

19.    Defendant had a duty to persons such as Plaintiff to exercise due care in maintaining the Property so as to avoid causing accidents, injuries and other damages.

20.    The injury of September 8, 2015, and the resultant damages were caused by the negligence and negligent acts and/or omissions of Defendant as follows:

a)    Failing to maintain the exterior of the Property in a safe manner;

b)    Failing to maintain the exterior walkways of the Property in a safe manner;

c)    Failing to properly grade and slope the walkways at the Property;

d) Failing to properly mark the walkways at the property to alert users of changes in grade, slope and slip resistance;

e) Failing to use slip resistant materials in the construction of the walkways at the property;

f) Failing to warn and/or advise users of the dangerous condition of the exterior walkways at the Property;

g) Using materials and techniques in constructing and maintaining the walkways at the property which do not provide sufficient slip resistance, which become slippery when wet, which are slipper when dry, and which otherwise present an unsafe waking surface for ordinary use;

h) Constructing the walkways in a manner such that the walking surface was uneven, sloped, depressed, angled, or otherwise not level;

i) Failing to warn that the walkways were uneven, sloped, depressed, angled, or otherwise not level;

j) Failing to keep the walkways free and clear of debris, dirt, dust, and other substances which would render the walkway unsafe for use; and,

k) Other negligence in the installation, care and maintenance of the walkway to be proven by the evidence at trial.

21. By virtue of the above-referenced conduct, acts and/or omissions, Defendant breached its duty of care to Plaintiff.

22. The injury of September 8, 2015, was a direct and proximate result of the Defendant's careless and negligent conduct, acts and/or omissions as averred above.

23. As a direct and proximate result of the accident, Myers sustained injuries to her right fibula which have caused her to undergo emergency medical treatment, surgery, and physical rehabilitation, and which are permanent in nature, and which have caused plaintiff pain,

suffering, loss of life's pleasures, and ongoing financial burden and expense, all to plaintiff's great financial, emotional and physical detriment and loss.

24.   As a further direct and proximate result of the above accident, plaintiff has been forced to miss time from work, has incurred lost wages, and will continue to incur loss of income and loss of earning potential, all to plaintiff's great financial, emotional and physical detriment and loss.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $50,000.00, together with interests, costs, and such other relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

**SACKS WESTON DIAMOND, LLC**

Dated:  February 15, 2018.          BY:   */s/ Jesse M. Cohen*
                                         **JESSE M. COHEN, ESQUIRE**
                                         Attorney ID No. 93020
                                         1845 Walnut Street, Suite 1600
                                         Philadelphia, PA 19103
                                         Telephone:  (215) 925-8200
                                         Fax: (267) 639-5422
                                         jcohen@sackswestondiamond.com
                                         *Attorney for Plaintiff*

## VERIFICATION

I, _Audrey Myers_, hereby verify that I am the
_Plaintiff_ in the attached _Complaint - Amended_

and I hereby state that the facts above set forth are true and correct, or are true and correct to the

best of my knowledge, information and belief, and that I expect to be able to prove the same at a

hearing held in this matter. I understand that the statements herein are made subject to the

penalties of 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

PRINT NAME     _Audrey Myers_

ADDRESS     _306 Lewisberry Rd_
_New Cumberland PA 17070_

SIGNATURE     _Audrey Myers_

DATE     _2-15-2018_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUDREY MYERS                            :
306 Lewisberry Road                     :
New Cumberland, PA  17070               :
      Plaintiff,         :
                      :    NO. 1:17-cv-01841-JEJ
                      :
      vs.                  :
                      :
COHEN BROTHERS REALTY                   :
CORPORATION OF FLORIDA, LLC             :
1750 Lexington Avenue                   :
New York, NY 10022                      :
                      :
      and                  :
                      :
DESIGN CENTER OF THE AMERICAS,          :
LLC                                     :
1855 Griffin Road                       :
Dania Beach, FL 33004                   :
      Defendants.          :

### CERTIFICATE OF SERVICE

I, Jesse M. Cohen, Esquire, do hereby certify that on February 15, 2018, a true and correct copy of the attached Plaintiff's Amended Complaint has been duly served upon all interested parties or their counsel via electronic filing and/or U.S. Mail, postage pre-paid.

**SACKS WESTON DIAMOND, LLC**

Dated:  February 15, 2018.        BY:    */s/ Jesse M. Cohen*
                                      **JESSE M. COHEN, ESQUIRE**
                                      Attorney ID No. 93020
                                      1845 Walnut Street, Suite 1600
                                      Philadelphia, PA 19103
                                      Telephone:  (215) 925-8200
                                      Fax: (267) 639-5422
                                      jcohen@sackswestondiamond.com
                                      *Attorney for Plaintiff*